# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In Re  Maureen Oparaeche,                )
                                         )
                                         )  Bankruptcy No.  17-31926
                                         )
                       Debtor.           )  Chapter         7

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
### (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: __Nixon Peabody LLP__

Authorized to Provide Professional Services to: __R. Scott Alsterda, Chapter 7 Trustee__

Date of Order Authorizing Employment: __November 6, 2018 - [Dkt 43] Effective Date September 17, 2018__

Period for Which Compensation is Sought:
From __September 17__, __2018__ through __February 7__, __2019__

Amount of Fees Sought:  $ __5,665.00__

Amount of Expense Reimbursement Sought:  $ __17.21__

This is an:  Interim Application _____    Final Application __✔__

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated:  __February 22, 2019__                      __R. Scott Alsterda, Chapter 7 Trustee__
                                                                                  (Counsel)

(Rev 11/19/10)
4819-1871-7577

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Maureen Oparaeche, | ) | Case No. 17-31926 |
| | ) | Honorable Timothy A. Barnes |
| Debtor. | ) | |

### FIRST AND FINAL APPLICATION OF TRUSTEE'S COUNSEL FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

R. SCOTT ALSTERDA and NIXON PEABODY LLP (collectively "NP"), counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this first and final application for compensation and reimbursement of expenses and represents to the Court as follows:

### CASE CHRONOLOGY

1. The Debtor filed a voluntary petition, under Chapter 7 of the Bankruptcy Code on October 25, 2017 (the "Petition Date") [Dkt. 1].

2. The Debtor filed her Schedules and Statement of Financial Affairs (the "Schedules") on the Petition Date [Dkt. 1]. The Debtor filed three sets of Amended Schedules during the course of the bankruptcy case [Dkt. 12, 16 and 34].

3. The Debtor and her counsel appeared at the creditors' meeting on November 30, 2017 and the Debtor was examined by the Trustee concerning her assets, liabilities and financial affairs.

4. During the creditors' meeting, the Trustee requested certain documents and information concerning the Debtor's purchase and ownership interest in a company named Guardian Home Health Services, Inc. ("GHHS").

4829-2282-2788.1

5. Pursuant to this request, the Trustee's received some documents and information concerning the Debtor's interest in GHHS, and the Trustee requested some additional documents including bank statements and GHHS' state home health care license.

6. Following the initial creditors' meeting, the Trustee was contacted by counsel for a potential buyer who was interested in purchasing the bankruptcy estate's right, title and interest in the common stock of GHHS, the company formerly owned by the Debtor.

7. The sale negotiations did not progress quickly, however they finally culminated in a letter agreement which was attached to the Trustee's Motion to Sell the Estate's Right, Title and Interest in the Stock of Guardian Home Health Services, Inc. [Dkt. 38] (the "Sale Motion"] which was filed with the bankruptcy court on October 16, 2018.

8. On October 24, 2018 an order was entered by this Court approving the Sale Motion [Dkt. 38].

9. The Trustee received $20,000 for the sale of the bankruptcy estate's right, title and interest in GHHS stock. There are no other assets to be administered and the Trustee has prepared the Final Report to close the case.

10. The Trustee filed his initial report of assets on October 16, 2018, [Dkt. 377].

11. The Court set January 17, 2019 as the deadline for all creditors including governmental units to file proofs of claim in this case [Dkt. 39].

12. On November 6, 2018, an order was entered by the Court approving the employment of NP as counsel for the Trustee [Dkt. 43] effective as of September 17, 2018. A copy of the November 6, 2018 order authorizing the Trustee's employment of NP as legal counsel is attached hereto as Exhibit "A."

## CASE SUMMARY

13. The Trustee spent almost a year trying to collect information and negotiate a sale of the GHHS stock without the assistance of legal counsel.

14. It was not until the Trustee received a letter of intent from the prospective buyer for the GHHS stock that the Trustee engaged legal counsel to assist with the sale process.

15. The Trustee with NP's assistance reviewed documents for the sale and negotiated the terms of the sale of the bankruptcy estate's rights, debts and interest in the GHHS stock.

16. NP drafted various documents for the GHHS stock sale including the Sale Motion, a Report of Sale and a Quitclaim Bill of Sale.

17. NP also assisted the Trustee in drafting and filing the Trustee's motions to employ legal counsel and a tax accountant.

18. The bankruptcy case is ready to be closed after the funds on hand have been distributed. The Trustee believes that all of the creditors holding allowed claims will receive a distribution in the approximate amount of 4% of their allowed claims after the payment of administrative expenses.

## DESCRIPTION OF LEGAL SERVICES

19. The nature and extent of the services which NP provided to the Trustee for the period from September 17, 2018 through February 7, 2019 are summarized in the following paragraphs.

20. <u>Asset Analysis and Recovery (B-120)</u>. NP provided 9.00 hours of services with a value of $4,635.00 related to the Trustee's analysis and recovery of assets of the Chapter 7 case. These services included correspondence and negotiations with the prospective buyer for the bankruptcy estate's rights, title and interest in the GHHS stock. NP also reviewed, revised and

drafted all of the required sale documents, including the letter agreement, the Sale Motion, the Report of Sale and the Quitclaim Bill of Sale that was delivered to the buyer when the sale closed.

21. <u>Fee/Employment Applications (B-160)</u>. NP provided 1.60 hours of services to the Trustee with a value of $824.00 related to the Trustee's employment of legal counsel and a tax accountant. These services included drafting the motions to employ legal counsel and a tax accountant including the notices and proposed orders.

22. <u>Tax (B-240)</u>. NP provided .40 hours of services to the Trustee with a value of $206.00 related to tax issues for the bankruptcy estate. These services included a review of the GHHS stock sale documents for tax issues for the Trustee's tax accountant. NP also reviewed and revised the Trustee's Prompt Determination Request Letters which were sent to the state and federal taxing authorities along the bankruptcy estate's tax returns.

23. <u>Summary of Services</u>. The services rendered to the Trustee by NP are summarized as follows:

| CATEGORY | TASK CODES | HOURS | VALUE |
|---|---|---|---|
| Asset Disposition | B-130 | 9.00 | $4,635.00 |
| Fee/Employment Applications | B-160 | 1.60 | 824.00 |
| Tax Issues | B-240 | .40 | 206.00 |
| TOTAL | | 11.00 | $5,665.00 |

24. Attached as Exhibit "B" is an itemized statement of the legal services rendered by NP and classified by the various tasks in chronological order. The statement reflects the legal services rendered, the time expended, the value of the services, and a description of the work performed.

25. The time expended and services rendered by each individual NP attorney and law clerk is summarized as follows:

4829-2282-2788.1

4

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| R. Scott Alsterda | 11.00 | $515.00 | $5,665.00 |
| TOTAL | | | |

26. Exhibit "B" also includes an itemized statement of the actual expenses incurred by NP in connection with its representation of the Trustee. These expenses include postage in the total amount of $17.21 for mailing copies of the Trustee's Sale Motion and the Trustee's motion to employ a tax accountant to all the creditors in the bankruptcy case.

27. Based on the nature, extent and value of services performed by NP, the results achieved, and the costs of comparable services, the compensation being sought by NP is fair and reasonable.

28. At all times during NP's representation of the Trustee, NP was a disinterested person and neither represented nor held an interest adverse to the bankruptcy estate with respect to matters on which NP was employed.

### **PRAYER FOR RELIEF**

WHEREFORE, NP requests that it be awarded reasonable compensation in the amount of $5,665.00 for legal services rendered in this case and reimbursement of actual and necessary expenses in the amount of $17.21.

DATE: February 22, 2019                Respectfully Submitted

NIXON PEABODY LLP

/s/ R. Scott Alsterda

Of Counsel:
R. Scott Alsterda (ARDC 3126771)
Nixon Peabody LLP
70 West Madison, Suite 3500
Chicago, IL  60602
312-977-9203
rsalsterda@nixonpeabody.com

4829-2282-2788.1                5